**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LEON KOTOVICH,**<br>***Plaintiff***<br><br>**vs.**<br><br>**NORTH AMERICAN VAN LINES INC., BELTMAN GROUP, INC. d/b/a BELTMAN RELOCATION GROUP, and ATLAS TRANSFER & STORAGE COMPANY,**<br>***Defendants*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 3:26-CV-102** |

**PLAINTIFF'S FIRST AMENDED PETITION**

**COMES NOW**, Plaintiff Leon Kotovich ("Plaintiff"), and files this Plaintiff's First Amended Complaint against North American Van Lines, Inc. ("North American"), Beltman Group, Inc. d/b/a/ Beltman Relocation Group ("Beltman") and Atlas Transfer & Storage Company ("Atlas" and together with North American and Beltman, collectively, the "Defendants"), and in support thereof respectfully shows the Court the following:

## I. PARTIES TO THE COMPLAINT

### A. PLAINTIFF

1. Plaintiff Leon Kotovich is an individual and resident of the State of Texas.

### B. DEFENDANTS

2. Defendant North American Van Lines, Inc. is a Delaware corporation. Defendant may be served with personal service through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Dallas, Texas 78701, or wherever it may be found.

3. Defendant Beltman Group, Inc. d/b/a Beltman Relocation Group is a Minnesota corporation conducting business in the State of Texas. Said Defendant may be served with personal service through its registered agent, C.T. Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found.

4. Defendant Atlas Transfer & Storage Company is a California corporation doing business in the State of Texas. Said Defendant may be served with personal service through its registered agent, Linda J. Oakley, at 13026 Stowe Drive, Suite A, Poway, California 92064, or wherever she may be found.

## II. BASIS FOR JURISDICTION

5. The United States District Court has jurisdiction over this matter as it involves a federal question under the Carmack Amendment to the Interstate Commerce Act (the "Carmack Amendment"), 49 U.S.C. § 14706, et seq. In particular, this case is a dispute involving the liability of a motor carrier engaged in interstate commerce and the amount in controversy exceeds $10,000.00. Prevailing law holds that the Carmack Amendment governs the liability of a motor carrier engaged in interstate commerce where the amount in controversy exceeds $10,000.00.

## III. BASIS FOR AMENDMENT

6. This Plaintiff's First Amended Petition is filed pursuant to Rule 15 of the Federal Rules of Civil Procedure. Pursuant to Rule 15, a party may amend its pleading once as a matter of course no later than 21 days after service of a motion under Rule 12(b).

7. On January 15, 2026, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

8. Therefore, pursuant to Rule 15, Plaintiff files this Plaintiff's First Amended Petition.

## V. STATEMENT OF CLAIM

9. On or about April 14, 2025, Plaintiff hired Beltman to provide consultation and coordination related to Plaintiff's intended relocation from California to Texas. In connection with Beltman's relocation services, Plaintiff and Beltman executed an Estimate of Services and Charges ("Estimate"), a Customer's Declaration of Value, and an Inventory (collectively, the "Consultation Agreement"). A true and correct copy of the Consultation Agreement is attached hereto as **Exhibit A**.

10. Beltman then coordinated with North American to provide shipping services for Plaintiff's personal property. On or about April 14, 2025, Plaintiff executed a Contract Terms and Conditions ("Contract") with North American for the transport of his personal property from Irvine, California, to Frisco, Texas. A true and correct copy of the Contract is attached hereto as **Exhibit B**.

11. In connection with the Contract, Plaintiff completed a Household Goods Descriptive Inventory ("Descriptive Inventory") numbering the boxes to be transported and providing a general description of the items packed in each box. A true and correct copy of the Descriptive Inventory is attached hereto as **Exhibit C**.

12. Plaintiff also purchased MVP maximum valuation coverage for his personal property from North American.

13. Beltman's representative, Alan Watson ("Watson"), acted as move consultant for Plaintiff, and Beltman's representative Carol Camarena ("Camarena") functioned as the move coordinator. Beltman employees were then utilized to pack and load Plaintiff's personal property for transport.

14. Plaintiff's personal property was thereafter transported by Atlas to Plaintiff's new residence at 15620 Gladeside Avenue, Frisco, Texas 75033 (the "Residence"). Upon arrival at the Residence, Atlas's driver, David Doshay ("Doshay"), quickly unloaded Plaintiff's property without making any effort to demonstrate that all of Plaintiff's property had been delivered. Instead, Doshay, apparently in a hurry, demanded that Plaintiff sign an inventory form confirming delivery of all of Plaintiff's personal property in good condition, without permitting Plaintiff sufficient time to review the contents of the delivery or to inspect the Residence for any damage caused by Atlas' workers.

15. Shortly thereafter, upon examining the Residence, Plaintiff discovered that the front door frame had been damaged by Atlas' workers.

16. Additionally, Plaintiff soon realized that several items had been damaged in transport and that Box 20, containing items of significant value, was missing entirely. Box 20 contained the following items: (1) a Louis Vuitton Capucines BB Handbag; (2) a Chanel Caviar Leather Quilted Medium Boy Handbag; (3) a pair of Louis Vuitton Desert Boots; (4) two pairs of Salvatore Ferragamo men's sneakers; (5) a pair of Ballenciaga white leather boots; (6) a men's Versace trench coat; (7) a Breitling Bentley edition watch; (8) a Bulgari B Zero 1 watch; (a Jacob & Co. Five Time Zones watch; (8) a Citizen Eco Drive Blue Angels edition - limited circulation SKY series Blue JY8058-50 watch; (9) Louis Vuitton men's shoes – with laces; (10) Louis Vuitton men's shoes – with a single buckle; (11) Louis Vuitton men's shoes – with twin buckles. The listed items have a combined replacement value of at least $52,371.63. *See* Ex. C.

17. These issues were immediately brought to the attention of North American and Beltman, and Plaintiff filed a Statement of Claim with North American under Registration Number 565059.

18. Although North American agreed to reimburse Plaintiff for the damage to some of his personal property, North American refused to honor the MVP maximum valuation coverage purchased by Plaintiff and reimburse Plaintiff for the cost of all of the damage to his personal property.

## IV. RELIEF

19. The Carmack Amendment provides, in relevant part, as follows: "(1) Motor Carriers and Freight Forwarders. A carrier providing transportation or service…shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service…are liable to the person entitled to recover under the receipt or bill of lading." 49 U.S.C. § 14706(a)(1).

20. To state a claim for loss, damage, or delay under the Carmack Amendment, a shipper or consignee must prove: (1) tender to the carrier of the property in good condition, (2) receipt by the consignee of less or damaged goods, and (3) the amount of damages. *Missouri Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138, (1964); *Accura Systems, Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 877 (5th Cir.1996); *Johnson & Johnson v. Chief Freight Lines Co.*, 679 F.2d 421, 421 (5th Cir.1982).

21. The shipper may sue the originating carrier, the delivering carrier, or both, and venue for a Carmack Amendment action is proper anywhere the shipment was transported. Under the Carmack Amendment, the shipper does not have to prove negligence and does not have to prove where, or on which carrier's vehicle, the damage occurred. Under the Carmack Amendment, a shipper may recover the actual loss or damage to property caused by an interstate carrier. 49 U.S.C. § 14706.

22. In the present case, Defendants are liable to Plaintiff for actual damages under the Carmack Amendment. Plaintiff tendered his personal property to the Defendants in good condition. Several of the items that Plaintiff tendered to Defendants were not provided to Plaintiff for receipt. Plaintiff is able to establish the amount of actual economic damages this caused him to suffer. Under the Carmack Amendment, these elements establish Defendants' liability to Plaintiff for Plaintiff's actual economic damages.

## V. Certification and Closing

23. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for actual damages in the amount of at least $52,371.63, as well as prejudgment and post-judgment interest at the maximum legal or contractual rate allowed by law, and such other and further relief to which Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully Submitted,

**CARPENTER & ASSOCIATES, P.C.**

/s/ Frank Gannon______
**JOSHUA CARPENTER**
State Bar No. 24090907
josh@carplawfirm.com
**FRANK GANNON**
Texas Bar No. 24002120
frank@carplawfirm.com
7920 Beltline Road
Suite 1100
Dallas, Texas 75254
Tel: (972) 455-8700
Fax: (972) 767-5599
**ATTORNEYS FOR PLAINTIFF**